IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH JOHNSON COLE,        :
                            :
          Plaintiff,        :
                            :
vs.                         :   CIVIL ACTION 11-0453-CG-M
                            :
MICHAEL HALEY, et al.,      :
                            :
          Defendants.       :


REPORT AND RECOMMENDATION


     Plaintiff, a Mobile County prison inmate proceeding pro se,
filed a complaint under 42 U.S.C. § 1983 and a Motion to Proceed
Without Prepayment of Fees (Docs. 1, 2).  This action was
referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)
and Local Rule 72.2, and is now before the Court for Plaintiff's
failure to prosecute and to keep the Court apprised of his
address.

     On May 22, 2012, Plaintiff was ordered to inform the Court
by June 5, 2012, if he wanted to proceed with the prosecution of
this action.  Plaintiff was advised that if he did not respond,
the Court would assume that Plaintiff has chosen not to proceed
and that this action would be dismissed without prejudice (Doc.
17).  The Order was mailed to Plaintiff at the Mobile County
Metro Jail, P. O. Box 104, Mobile, Alabama 36601, his last know
address.  Upon review of the Mobile County Jail's website listing
current inmates, Plaintiff's name is not listed, which is an

indication that Plaintiff is no longer incarcerated.  Plaintiff has not advised the Court of a change in his address, and there is no current address for him.  The Court last heard from Plaintiff on January 19, 2012, when he filed a Motion to Amend Complaint and Motion for Status (Doc. 15).  The Court finds that Plaintiff has clearly abandoned prosecution of this action

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's order, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses

2

as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536,

1545-46 (11th Cir.)(finding that the court's inherent power to

manage actions before it permitted the imposition of fines),

<u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140

(1993).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the clerk
of court.  Failure to do so will bar a <u>de novo</u> determination by
the district judge of anything in the recommendation and will bar
an attack, on appeal, of the factual findings of the magistrate
judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d
736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404
(5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being served
> with a copy of the recommendation, unless a different
> time is established by order.  The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the basis
> for the objection.  The objecting party shall submit to
> the district judge, at the time of filing the
> objection, a brief setting forth the party's arguments
> that the magistrate judge's recommendation should be
> reviewed <u>de novo</u> and a different disposition made.  It
> is insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.  Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of June, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

4